UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RODNEY NEAL, | : | |
| Plaintiff, | : | Civ. No. 22-5574 (KM) (JBC) |
| v. | : | |
| | : | **MEMORANDUM AND ORDER** |
| OSCAR AVILES, et al., | : | |
| Defendants. | : | |

Plaintiff Rodney Neal, a pretrial detainee at Hudson County Correctional Facility ("HCCF"), seeks to commence an action pursuant to 42 U.S.C. § 1983 and to proceed *in forma pauperis* ("IFP"). DE 1, 3. I denied Neal's first IFP application for failure to provide the Court with a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. DE 2; s*ee* 28 U.S.C. § 1915(a)(2). Neal has now filed a second IFP application and provided the Court with the necessary statements. DE 3 at 4–5. Upon review of the second application, I find that it complies with 28 U.S.C. § 1915(a). Leave to proceed in this Court without prepayment of fees is therefore authorized. *See* 28 U.S.C. § 1915. This complaint will be screened in due course. *See* 28 U.S.C. § 1915A.

IT IS therefore on this 3d day of November, 2022,

**ORDERED** that Neal's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (DE 3) is granted; and it is further

**ORDERED** that the complaint shall be filed; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the warden of HCCF; and it is further

**ORDERED** that Neal is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) & (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its screening, or Neal's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit a refund of the filing fee, or any part of it, that has already been paid; and it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 577 U.S. 82, 89–90 (2016), if Neal owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act ("PLRA") provision governing the mandatory recoupment of filing fees, Neal's monthly income is subject to a simultaneous, cumulative 20% deduction for *each* case a court has mandated a deduction under the PLRA; i.e., Neal would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Neal's account exceeds $10.00, the agency having custody of Neal shall assess, deduct from Neal's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Neal's account, in accordance with *Bruce*, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Neal by regular U.S. mail.

/s/ Kevin McNulty
_____
KEVIN MCNULTY
United States District Judge